UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DARRELL KING,                                    :
                     Plaintiff,          :
                               :          **OPINION AND ORDER**
v.                                                      :
                               :          20 CV 5815 (VB)
CITY OF BEACON POLICE DEPARTMENT,    :
and CITY OF BEACON,                          :
                   Defendants.      :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Darrell King brings this action pursuant to 42 U.S.C. § 1983 against the City of

Beacon Police Department (the "Department") and the City of Beacon (the "City"). Plaintiff

asserts claims for false arrest, false imprisonment, and malicious prosecution. Construing the

amended complaint ("AC") liberally, plaintiff also brings state-law claims for false arrest, false

imprisonment, malicious prosecution, intentional infliction of emotional distress, and negligent

infliction of emotional distress.

Now pending is defendants' motion to dismiss the AC pursuant to Rule 12(b)(6). (Doc.

#22).

For the following reasons, the motion to dismiss is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded factual allegations in the AC and draws all reasonable inferences in plaintiff's favor, as

summarized below.

Plaintiff alleges that, on the morning of July 17, 2019, he was arrested at a residence in

Beacon, New York. According to plaintiff, three unidentified police officers employed by the

Department knocked on the door of the residence and asked plaintiff, "What happened with Vera Hanson?"[1]  (Doc. #18 ("AC") ¶ 5).  Plaintiff alleges that, at the time, Vera Hanson was his romantic partner.

Plaintiff allegedly responded that "nothing" had happened, and thereafter one officer replied, "Vera Hanson was here last night and said you choked her."  (AC ¶ 5).  The officers allegedly "pushed themselves into" the residence, allowing plaintiff to put on his shoes and step out of the apartment before the officers handcuffed and arrested him.  (Id.).

Plaintiff claims he was not read Miranda rights until he was later "handcuffed to a bench in the interrogation area."  (AC ¶ 5).  He alleges unnamed officers then informed him he would be charged with obstruction of breathing.  Plaintiff also claims he was unable to post bail and was imprisoned from July 17 through August 16, 2019.

According to plaintiff, the charges were "dismissed on an adjournment in contemplation of dismissal for one year which expire[d] October 23, 2020."  (AC ¶ 7).  He claims "[t]here was false arrest, false imprisonment and malicious prosecution."  (Id. ¶ 6).  Plaintiff alleges that, as a result of the Department and the City's unlawful conduct, he was forced to spend his birthday in jail, attend court six or seven times, and that he was unable to work and thus incurred financial harm from losing his newly-secured job and apartment, and being forced to move.

Plaintiff alleges the Department and the City, "their officers, directors, agents, servants, and employees were negligent in falsely arresting" and imprisoning him, and that they maliciously prosecuted him.  (AC ¶ 39).  Plaintiff also claims defendants intentionally and negligently inflicted emotional distress upon him, and implemented or executed "a policy

---

[1]      The AC refers to "defendant police officers" (AC ¶ 5), but plaintiff neither names as defendants in this action nor identifies any police officer defendants, either in the AC or in his papers in opposition to the motion to dismiss.

statement, ordinance, regulation or decision officially adopted or promulgated by those whose

edicts or acts may fairly be said to represent official policy," that violated his constitutional

rights.  (AC ¶¶ 54–57).

## DISCUSSION

I.    <u>Legal Standard</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative

complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v.</u>

<u>Iqbal</u>, 556 U.S. 662, 679 (2009).[2]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," are not entitled

to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  <u>Id</u>. at 678;

<u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard

of "plausibility."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,

564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678.  "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully."  <u>Id</u>. (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 556).

---

[2]        Unless otherwise indicated, case quotations omit all internal citations, quotations,
footnotes, and alterations.

II.   <u>Municipal Liability for Section 1983 Claims</u>

Defendants argue plaintiff's Section 1983 claims must be dismissed because plaintiff fails plausibly to allege the existence of an official municipal policy or custom that caused his injuries, as required by <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978).

The Court agrees.

A.   <u>Applicable Law</u>

A municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. at 694.  To assert a Section 1983 claim against a municipality, a plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right.  <u>Jones v. Town of E. Haven</u>, 691 F.3d 72, 80 (2d Cir. 2012).

A plaintiff may satisfy this requirement by alleging one of the following:  (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." <u>Brandon v. City of New York</u>, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010).

"While <u>Monell</u> claims are not subject to a 'heightened' pleading standard beyond that defined in Rule 8(a)(2), such claims nevertheless must meet the plausibility requirements of <u>Bell Atlantic Corp. v. Twombly</u> . . . and <u>Ashcroft v. Iqbal</u>." <u>Guzman v. United States</u>, 2013 WL 5018553, at *4 (S.D.N.Y. Sept. 13, 2013) (quoting <u>Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . will no more suffice in a <u>Monell</u> claim than in any other, more standard, § 1983 allegation." <u>Id</u>. at *3. "[A]llegations [that a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient." <u>Missel v. Cty. of Monroe</u>, 351 F. App'x 543, 545–46 (2d Cir. 2009) (summary order) (citing <u>Dwares v. City of New York</u>, 985 F.2d 94, 100–02 (2d Cir. 1993)).

B.     <u>Analysis</u>

Plaintiff alleges in only a conclusory fashion that he was subjected to false arrest, false imprisonment, and malicious prosecution as a result of a municipal policy or custom.  In fact, the only allegation that plaintiff's injuries resulted from a municipal policy or custom merely restates the law and is wholly conclusory.  (<u>See</u> AC ¶ 56).

Moreover, the only government actors plaintiff identifies are unnamed police officers, and plaintiff does not claim these officers were decisionmakers or bear any responsibility for establishing municipal policy or custom.  Plaintiff also fails to allege the existence of any "practice so consistent and widespread" sufficient to state a claim for municipal liability.  <u>See</u> <u>Brandon v. City of New York</u>, 705 F. Supp. 2d at 276.  Finally, plaintiff makes no reference to the training or supervision of any municipal employees.

Accordingly, plaintiff's Section 1983 claims must be dismissed.[3]

III.     State Law Claims

A district court may decline to exercise supplemental jurisdiction over state-law claims

when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C.

§ 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its

early stages and only state-law claims remain, the federal court should decline the exercise of

jurisdiction."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

Having dismissed the federal claims over which the Court has original jurisdiction, the

Court declines to exercise supplemental jurisdiction over any state-law claims plaintiff may be

asserting.  See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006)

("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

enumerating the circumstances in which district courts can refuse its exercise.'") (quoting City of

Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997)).

IV.     Leave to Amend

The Court should freely grant leave to amend a complaint "when justice so requires."

Fed. R. Civ. P. 15(a).  However, leave to amend may "properly be denied for . . . 'futility of

amendment.'"  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman

v. Davis, 371 U.S. 178, 182 (1962); see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo

---

[3]     New York law controls plaintiff's Section 1983 claims for malicious prosecution, false
arrest, and false imprisonment.  See, e.g., Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006).
But under New York law, "[t]he only proper defendant in a lawsuit against an agency of a
municipality is the municipality itself, not the agency through which the municipality acted."
Omnipoint Commc'ns, Inc. v. Town of LaGrange, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009);
see also, e.g., Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("A police
department cannot sue or be sued because it does not exist separate and apart from the
municipality and does not have its own legal identity") (quoting Baker v. Willett, 42 F. Supp. 2d
192, 197 (N.D.N.Y. 1999)).  Accordingly, all claims against the Department are dismissed.

Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility").

Defendants moved to dismiss plaintiff's original complaint on the same grounds on which they now move to dismiss the AC.  (See Doc. #8).  After defendants filed their first motion to dismiss, the Court issued an order granting plaintiff an opportunity to amend his complaint to "address the purported deficiencies made apparent by the fully briefed arguments" in defendants' motion.  (Doc. #9).

Plaintiff has failed to address those deficiencies in the AC, and "has not suggested he is in possession of facts that would cure the deficiencies identified in this opinion."  Jeanty v. Newburgh Beacon Bus Corp., 2018 WL 6047832, at *12 (S.D.N.Y. Nov. 19, 2018) (citing TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 506 (2d Cir. 2014)).  The deficiencies are "substantive," such that "better pleading will not cure" them.  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  In fact, plaintiff only supplemented the allegations in the original complaint by adding conclusory statements of the law regarding municipal liability.  (Compare Doc. #1-2 with AC ¶ 56).

Moreover, plaintiff seeks to amend the complaint a second time to add two police officers as defendants.  (See Doc. #26 ¶ 11).  However, that amendment would be futile.  There is no dispute the charges brought against plaintiff were adjourned in contemplation of dismissal.  But an adjournment in contemplation of dismissal does not represent a termination in favor of the defendant for the purposes of maintaining a Section 1983 suit.  See Roesch v. Otarola, 980 F.2d 850, 852 (2d Cir. 1992); accord, Singleton v. City of New York, 632 F.2d 185, 193-95 (2d Cir. 1980).  Such a resolution precludes claims for malicious prosecution, false arrest, and false

imprisonment under Section 1983.  See Roesch v. Otarola, 980 F.2d at 852–54.  Plaintiff's Section 1983 claims against the potential police officer defendants would therefore fail to state a claim upon which relief could be granted.

Accordingly, the Court declines to grant plaintiff leave to amend a second time.[4]

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #22) and close this case.

Dated: April 20, 2021
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[4]    The Court also notes that plaintiff's counsel's repeated description of plaintiff's former romantic partner as a "drunk piece of trash" in opposition to the instant motion is unnecessarily derogatory and unprofessional, and appears to have been presented for an improper purpose. (Doc. #26 ¶¶ 6, 8).  Even if such a description addressed the merits of the instant motion, it would still be inappropriate because it appears to have been designed merely to harass and disparage the complainant of an alleged incident of domestic violence.  See Fed. R. Civ. P. 11(b)(1).  The Court cautions plaintiff's counsel against making similar representations in the future.